IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RICHARD GRISSOM,**

    **Plaintiff,**

    **v.**                                                      **CASE NO. 20-3163-SAC**

**JORDAN BELL, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is housed at the Hutchinson Correctional Facility (HCF) in Hutchinson, Kansas. The Court granted Plaintiff leave to proceed *in forma pauperis*.

Plaintiff's Complaint alleges personnel at HCF disregarded long-standing medical orders to use double handcuffs with a larger cuff size when restraining Plaintiff due to his size and history of injury. He claims HCF personnel began instead using regular handcuffs with two additional links (extra-length cuffs) to restrain him starting on March 6, 2020 and continuing until April 12, 2020. Plaintiff lists 34 times he was restrained in this manner by different escorting officers, each time experiencing significant pain. Plaintiff claims the use of the smaller cuffs violated the Eighth Amendment prohibition against cruel and unusual punishment, constituting deliberate indifference and excessive force. Grissom further asserts the change in handcuffs and discontinuation of daily showers, which had been approved to help him deal with skin lesions and itching due to Lupus, was in retaliation for a lawsuit he filed in this Court against personnel at the El Dorado Correctional Facility.

Plaintiff names as Defendants the following HCF personnel: Jordan Bell, Unit Team Manager; Daniel Schnurr, Warden; Clay Vanhoose, Major; Raymond Stiggens, Segregation

1

Lieutenant; Shawn Ashford, First Sergeant; Alan Carter, First Sergeant; Harold Alcorn, First Sergeant; Nicholas Woodman, Sergeant; Dusty Michels, Corporal; Micah Eash, Corporal; Christopher Loya, Corporal; John Anderson, Corporal; Thomas Jackson, Corporal; Keon Jackson, Corporal; Ariel Noble, Corporal; Marc Morgan, Corporal; Devin Flowers, Corporal; Phillip Kern, Corporal; Cody Reinert, Corporal; and Cole Derringer, Corporal.  Plaintiff seeks compensatory and punitive damages.

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of HCF.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).  Accordingly, the Court orders the appropriate officials of HCF to prepare and file a *Martinez* Report.  Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1) The Clerk of Court shall serve Defendants under the e-service pilot program in effect with the Kansas Department of Corrections ("KDOC").

(2) Upon the electronic filing of the Waiver of Service Executed pursuant to the e-service program, KDOC shall have **sixty (60) days** to prepare the *Martinez* Report. Upon the filing of that report, the AG/Defendant shall have an additional **sixty (60) days** to answer or otherwise respond to the Complaint.

(3) Officials responsible for the operation of HCF are directed to undertake a review of the subject matter of the Complaint:

    a. To ascertain the facts and circumstances;

    b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

        c.      To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

    (4)    Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The KDOC must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

    (5)    Authorization is granted to the officials of HCF to interview all witnesses having knowledge of the facts, including Plaintiff.

    (6)    No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

    (7)    Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendant's answer or response to the Complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendants, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED**.

**Dated April 27, 2021, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**